# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

Ann M. White                                              Case No. 23-30899-KLP

    Debtor.                                                   Chapter 13

Ann M. White,

    Movant,

v.

Carmax Business Services, LLC,

    Respondent.

**RESPONSE AND OBJECTION TO MOTION SEEKING TURNOVER OF PROPERTY**

NOW COMES Respondent, Carmax Business Services, LLC, and for its Response and Objection to the Motion Seeking Turnover of Property ("Motion" herein) filed by Debtor states as follows:

1. It admits the allegations contained in paragraph 1 of the Motion.

2. It admits the allegations contained in paragraph 2 of the Motion.

3. It admits the allegations contained in paragraph 3 of the Motion.

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, Virginia 23452
757-498-9600
sara_john@eppspc.com
Counsel for Carmax Business Services, LLC

4.  As to the second paragraph numbered 2 of the Motion, it admits that Debtor has an interest in a 2012 Honda Accord SE. It denies the allegation that the vehicle was repossessed on March 7, 2023, and further states that the vehicle was repossessed on March 14, 2023.

5.  It neither admits nor denies the allegations contained in the second paragraph numbered 3 of the Motion and it demands strict proof thereof.

6.  It denies the allegations contained in paragraph 4 of the Motion and it demands strict proof thereof. Further, it states that the case of In re Moffett holds that "[b]efore requiring a party to turn over property, however, courts must ensure that the party's interest in the property is adequately protected" In re Moffett, 356 F.3d 518, 521 (4th Cir. 2004).

7.  It admits the allegations contained in paragraph 5 of the Motion.

8.  It denies the allegations contained in paragraph 6 of the Motion and it demands strict proof thereof. Further, it states that Debtor's Chapter 13 plan does not provide for the redemption of the debt as required by In re Moffett in that it does not provide that Respondent's claim will be paid in full with interest at the contract rate of 13.25%. Respondent is entitled to be paid interest at the contract rate since the debt matured before this case was filed and Debtor is not eligible to receive a discharge in this case.

## Affirmative Defenses

1.  Respondent lawfully repossessed the vehicle prior to Debtor filing this bankruptcy case.

2.  Respondent has filed a Motion for Relief from Stay as to the vehicle on this date.

3.  Debtor has not properly redeemed the debt owed to Respondent as required by In re Moffett, 356 F.3d 518 (4th Cir. 2004).

4.  Respondent reserves the right to amend this Response.

**WHEREFORE**, having fully answered the Motion, Respondent Carmax Business Services, LLC respectfully requests that the relief sought in the Motion be denied, that the Motion be dismissed, and for such other relief as is just.

Carmax Business Services, LLC

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.

Certificate of Service

I hereby certify that on March 21, 2023, I mailed or electronically served a true copy of the foregoing Response to: Ann M. White, 1606 Hallford Court; Apt 204, Midlothian, VA 23114; Pia J. North, Counsel for Debtor, 5913 Harbour Park Drive, Midlothian, VA 23112; and Suzanne E. Wade, Trustee, 7202 Glen Forest Drive, Ste. 202, Richmond, VA 23226.

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.