# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

Ann M. White                                                              Case No. 23-30899-KLP

    Debtor.                                                           Chapter 13

Ann M. White,

    Movant,

v.

Carmax Business Services, LLC,

    Respondent.

### RESPONSE AND OBJECTION TO MOTION FOR SANCTIONS
### AND CIVIL CONTEMPT

NOW COMES Respondent, Carmax Business Services, LLC, and for its Response and Objection to the Motion Seeking Turnover of Property ("Motion" herein) filed by Debtor states as follows:

1. It admits the allegations contained in paragraph 1 of the Motion.

2. It admits the allegations contained in paragraph 2 of the Motion.

3. It neither admits nor denies the allegations contained in paragraph 3 of the Motion and it demands strict proof thereof.

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, Virginia 23452
757-498-9600
sara_john@eppspc.com
Counsel for Carmax Business Services, LLC

4. It admits that paragraph 4 contains an accurate depiction of certain provisions of the Bankruptcy Code, but it denies any implication that Respondent acted contrary to these provisions.

5. It denies the allegations contained in paragraph 5 of the Motion and it demands strict proof thereof. It further states that Debtor's Chapter 13 plan does not provide for the redemption of the debt as required by In re Moffett, 356 F.3d 518 (4th Cir. 2004) in that it does not provide that Respondent's claim will be paid in full with interest at the contract rate of 13.25%. Respondent is entitled to be paid interest at the contract rate since the debt matured before this case was filed and Debtor is not eligible to receive a discharge in this case.

6. It neither admits nor denies the allegations contained in paragraph 6 of the Motion and it demands strict proof thereof.

7. It neither admits nor denies the allegations contained in paragraph 7 of the Motion and it demands strict proof thereof.

8. It neither admits nor denies the allegations contained in paragraph 8 of the Motion and it demands strict proof thereof.

9. It neither admits nor denies the allegations contained in paragraph 9 of the Motion and it demands strict proof thereof.

10. It neither admits nor denies the allegations contained in paragraph 10 of the Motion and it demands strict proof thereof.

11. It neither admits nor denies the allegations contained in paragraph 11 of the Motion and it demands strict proof thereof.

12. It neither admits nor denies the allegations contained in paragraph 12 of the Motion and it demands strict proof thereof.

13. It neither admits nor denies the allegations contained in paragraph 13 of the Motion

and it demands strict proof thereof.

14. It denies the allegations contained in paragraph 14 of the Motion and it demands strict proof thereof. It further states that the United States Supreme Court held that "mere retention of estate property after the filing of a bankruptcy petition does not violate § 362(a)(3) of the Bankruptcy Code." City of Chi. v. Fulton, 141 S.Ct. 585, 208 L.Ed.2d 384 (2021).

15. It denies the allegations contained in paragraph 15 of the Motion and it demands strict proof thereof.

16. It denies the allegations contained in paragraph 16 of the Motion and it demands strict proof thereof. It further states that the vehicle was lawfully repossessed pre-petition and Debtor has not properly redeemed the debt owed to Respondent as required by In re Moffett, 356 F.3d 518 (4th Cir. 2004).

17. It denies the allegations contained in paragraph 17 of the Motion and it demands strict proof thereof.

18. It denies the allegations contained in paragraph 18 of the Motion and it demands strict proof thereof. It further states that there are no grounds to disallow Respondent's claim.

### Affirmative Defenses

1. Respondent lawfully repossessed the vehicle prior to Debtor filing this bankruptcy case.

2. Respondent has filed a Motion for Relief from Stay as to the vehicle on this date.

3. The United States Supreme Court recently held that "mere retention of estate property after the filing of a bankruptcy petition does not violate § 362(a)(3) of the Bankruptcy Code." City of Chi. v. Fulton, 141 S.Ct. 585, 208 L.Ed.2d 384 (2021).

    4.      Debtor has not properly redeemed the debt owed to Respondent as required by <u>In re Moffett</u>, 356 F.3d 518 (4th Cir. 2004).

    5.      Movant's request in the WHEREFORE Section of the Motion for punitive damages is without merit as Respondent has not violated the automatic stay.

    6.      Respondent reserves the right to amend this Response.

**WHEREFORE**, having fully answered the Motion, Respondent Carmax Business Services, LLC respectfully requests that the relief sought in the Motion be denied, that the Motion be dismissed, and for such other relief as is just.

Carmax Business Services, LLC

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.

Certificate of Service

I hereby certify that on March 21, 2023, I mailed or electronically served a true copy of the foregoing Response to: Ann M. White, 1606 Hallford Court; Apt 204, Midlothian, VA 23114; Pia J. North, Counsel for Debtor, 5913 Harbour Park Drive, Midlothian, VA 23112; and Suzanne E. Wade, Trustee, 7202 Glen Forest Drive, Ste. 202, Richmond, VA 23226.

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.